# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CION ADONIS PERALTA,

Petitioner,

v.

JEANNE WOODFORD, DIRECTOR,

Respondent.

_______________________________________/

CV F 03-6856 AWI SMS HC

FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 1]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL BACKGROUND

Petitioner is in custody of the California Department of Corrections (CDC) pursuant to a valid judgment and conviction for murder in Los Angeles County Superior Court. (Respondent's Exhibit A, Abstract of Judgment, Court Doc. 18.) Petitioner was sentenced to a term of twenty-five years to life, with possibility of parole. (Id.)

On June 5, 2001, Petitioner was placed in Avenal State Prison. (Respondent's Exhibit B.) He was transferred to Folsom State prison on July 30, 2003, and then to California State Prison, Lancaster, on June 24, 2004. (Id.)

Petitioner received a rules violation report on July 5, 2002. (Respondent's Exhibit D, Rules Violation Report, Part C.) At a disciplinary hearing on July 25, 2002, Petitioner was found guilty as charged of a Division D offense and assessed a loss of privileges. (Id.)

On August 8, 2002, Petitioner filed an administrative appeal. (Respondent's Exhibit E.) Given the nature of the appeal, the first formal level of review was bypassed. (Id.) On October 9, 2002, the appeal was denied at the second level of review. (Respondent's Exhibit F.) On January 6, 2003, the Director's level denial was issued. (Respondent's Exhibit G.)

On January 31, 2003, the Kings County Superior Court denied Petitioner's petition for writ of habeas corpus. (Respondent's Exhibit H.)

On February 13, 2003, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. (Respondent's Exhibit I.) The Court summarily denied the petition on February 20, 2003. (Id.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on March 5, 2003. (Respondent's Exhibit J.) The petition was denied on October 15, 2003. (Respondent's Exhibit K.) The Court's denial referenced the decision of In re Dexter, 25 Cal.3d 921 (1979) [which holds in relevant part than an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies.]

Petitioner filed the instant federal petition for writ of habeas corpus on December 15, 2003. By order of July 2, 2004, the Court directed Respondent to file a response to the petition. Respondent filed its answer on September 2, 2004. Petitioner filed a traverse on September 15, 2004.

STATEMENT OF FACTS[1]

On July 3, 2002, Petitioner failed to comply with a correctional officer's order to return to his cell. (Respondent's Exhibit C, Rules Violation Report, pp. 1-2, attached to Court Doc. 18.) Once handcuffed, Petitioner resisted the correctional officer's order to walk to the Program Office. (Id.) Petitioner then tried to break free from the correctional officer, jumping into the air and twisting his body. (Id.) Petitioner then dropped to his knees. (Id.) These events were witnessed by the reporting employee, Officer M. Gonzales, and a percipient witness, Correctional Officer Baer. (Respondent's Exhibit D, Rules Violation Report, Part C.)

---

[1] Although contested by Petitioner, this information is derived from the Rules Violation Report and supporting documentation. See Respondent's Exhibit C, Rules Violation Report, pp. 1-2, attached to Court Doc. 18.

DISCUSSION

A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of a disciplinary hearing at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

B. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations

omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C. Procedural Default

Respondent argues that this Court is barred from reviewing the instant petition. Respondent reasons that the California Supreme Court's citation to the decision of In re Dexter, 25 Cal.3d 921 (1979) suggests a failure to exhaust administrative remedies, and that finding constitutes state grounds independent of any federal question which are sufficient to support the judgment. Therefore, Petitioner has procedurally defaulted the claim he raises in the instant petition and cannot proceed in this Court.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

"For a state procedural rule to be 'independent,' the state law basis for the decision must

not be interwoven with federal law." LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001) (*citing* Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'" (*quoting* Coleman, 501 U.S. at 735, 111 S.Ct. 2456)). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (*quoting* Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087 (1985)).

To be deemed adequate, the state law ground for the decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(*quoting* Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Id. at 377 (*quoting* Morales, 85 F.3d at 1392).

In Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003), the Ninth Circuit held that although the California untimeliness rule as expressed in In Re Robbins was an independent state procedural ground, the Court could not conclude that it was an adequate state procedural ground on the basis of the record before it. The Ninth Circuit remanded the case to the district court to determine the issue of adequacy (whether the timeliness bar was sufficiently well-established and consistently applied at the time the default occurred). Id. While the ultimate burden of proving adequacy rests with the respondent, the petitioner must place the state's affirmative defense of independent and adequate state procedural grounds at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure." Id.

Although the California Supreme Court cited In re Dexter, 25 Cal.3d 921 (1979), which holds in relevant part that an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies, it is unclear and Respondent does not set forth sufficient

evidence to support the finding that Petitioner did not exhaust the available administrative remedies. To the contrary, it appears that Petitioner has exhausted the available administrative remedies.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004). The Director's Level is the final administrative level of review. See Wyatt v. Terhune, 315 F.3d 1108, 1116 (9th Cir. 2003).

As Respondent acknowledges in its answer, Petitioner appealed the instant claim to the third and final level of review and the Director's level response was issued on January 6, 2003. (Respondent's Exhibit G.) Petitioner availed himself of the available administrative remedies, and Respondent does not advance any argument, beyond the California Supreme Court's citation to In re Dexter, that Petitioner did not, in fact, exhaust the administrative remedies. Thus, because it appears based on the record before this Court that Petitioner has exhausted the administrative remedies, the Court cannot find that the instant claim is procedurally defaulted based on a failure to exhaust the administrative remedies.

D. Review of Petitioner's Claim

Petitioner contends that he was unjustly issued a rules violation report and that he was medically incapable of performing the charged acts. In essence Petitioner's claim is that there was insufficient evidence to support the issuance of the rules violation report.

In reviewing prison disciplinary proceedings, district courts must apply the standard set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). In Wolff, the Supreme Court held that due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits. Id. at 563-567. Where a prison disciplinary hearing may result in the loss of good time credits, Wolff held that the inmate must receive: (1) advance

written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. In addition, "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985), *quoting* Wolff, 418 U.S. at 558.

In the instant case, Petitioner does not challenge the prison disciplinary process, but rather the sufficiency of the evidence to support the violation. Petitioner cites to a medical chrono that was issued for the period of August 14, 2001 to August 14, 2002.[2] (Exhibits Attached to Petition.) Petitioner further cites to prison passes for physical therapy during the period of December 2001, and March through May 2002. (Exhibits Attached to Petition.)

As previously mentioned, Petitioner was found guilty of resisting prison staff by uttering abusive remarks and attempting to break free from the officer's grip. (Respondent's Exhibit C, at 2.) Petitioner argues that he is innocent of the charges, and, based on the medical evidence submitted, he was incapable of performing the alleged acts.

The hearing officer properly found the preponderance of evidence supported a finding of guilt and "some evidence" supports this finding. The hearing officer had before him the rules violation report drafted by correctional officer Gonzales and the supplemental report by officer Baer. It was noted by the hearing officer that Petitioner pled not guilty, indicated he did not resist, and he was medically incapable of doing the acts as stated.[3] (Respondent's Exhibit D.) The Supreme Court has held that when reviewing a prison disciplinary decision, this Court

---

[2] The medical chrono merely indicates that due to Petitioner's low back arthritis problems a lower bunk/tier is required. (Exhibits Attached to Petition.)

[3] As Petitioner acknowledges in his traverse, all procedural due process requirements were complied with during the disciplinary hearing, which supports the finding that Petitioner was fully capable and did in fact present his views to the hearing officer and Petitioner makes no such claim otherwise here.

should not independently assess the credibility of witnesses or reweigh the evidence. Hill, 472 U.S. at 455-56. The record of the hearing demonstrates that the hearing officer considered all the evidence and rejected Petitioner's claim that he was medically incapable of performing the alleged actions as to the other evidence presented. (Respondent's Exhibit D.) As Respondent submits, Petitioner's assertion that he did not and could not commit the resistance described in the disciplinary charge was properly viewed against the step-by-step account of such resistance by the reporting officer and the percipient witness-officer. As some evidence supports the issuance of the rules violation report, the petition for writ of habeas corpus must be denied.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court is directed to enter judgment in favor of Respondent.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: June 13, 2005**
icido3

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE